Thank you. May it please the Court and Counsel, my name is Tracy Staub. I'm here from the Federal Defenders on behalf of my client, Luis Emilio Hold that microphone a little closer to you, please. Pardon. Is that better? Better. Thank you. I'm here on behalf of my client Luis Emilio Gonzales. There's two issues presented in the briefs, but the Court has directed the parties to argue or provide analysis on U.S. v. Hernandez-Hernandez and how that affects the calculation of Mr. Gonzales' criminal history score. So that is the way I will proceed. I would note that the analysis is very helpful if you actually have Chapters 4A1.1 and 1.2 before you. If the Court does not have those, I did copy off the relevant portions. I'd be happy to hand them to the Court just so that you can follow. Are you talking about the Sensing Guidelines 1.0? Yes. All right. I take the copy. I'm sorry? In order to follow your argument, you want us to have a look? Yes, ma'am. Why don't you hand them to the clerk, please? I apologize. My notes are on there. I just copied them this morning. Background facts, Mr. Gonzales, in the PSR in this case, Mr. Gonzales had four driving while license suspended convictions. In two of those convictions, he received a partially suspended sentence, and they were not counted. In two other ones, he received a totally suspended sentence, and those were each counted as one point towards his criminal history score. So the question is whether the district court erred in adding two points to his criminal history score for those totally suspended sentences for driving while license suspended. So the district court saw the conflict between Williams and Hernandez-Hernandez? I'm sorry. The district court interpreted our case. Are you saying that the district court interpreted our case law such that we count a partially suspended sentence if it goes up to 30 days, but we don't count a totally suspended sentence? I'm saying that the district court reached the opposite result, that it did not. But Hernandez came down after the sentence in this, didn't it? That's correct. The district court properly interpreted Williams? Yes. The district court properly interpreted Williams. Okay. So now we have to follow Williams, don't we? Yes, Your Honor, I believe so. The court asked in its order denying oral argument whether Hernandez-Hernandez changed the analysis in any effect. So I've read through Hernandez-Hernandez, and I can give my argument if that's the way the court would like to proceed. Thank you. If you agree we have to follow Williams, how do we distinguish Hernandez-Hernandez? Well, and at this point, it may just be a rhetorical argument, because I think that the result that we're asking for is that the totally suspended sentence should be – should not be counted. And I was a little bit confused as well, because even under Hernandez-Hernandez, it distinguished Williams and said – in Hernandez, the court said we would not count a partially suspended sentence. Yeah. But in – but that's different than Williams, which did count a totally suspended sentence. And I think Hernandez was saying that under 1.2b, which defines a sentence of imprisonment, 1.2b2 talks only about a partially suspended sentence. And I think that's what Hernandez-Hernandez focused on and seemed to come to the conclusion that if the sentence is only partially suspended, we only count that portion not suspended. But if it's totally – It's the plain language of that regulation. That's correct, Your Honor. But what Hernandez-Hernandez did not consider was the application note to that section, and specifically application note number 2, which talks about a sentence of imprisonment and then specifically says to qualify as a sentence of imprisonment, the defendant must have actually served a period of imprisonment on such sentence, and then specifically notes 1.1a and 1.2b2. So what the application note tells me is that a partially suspended sentence counts as a sentence of imprisonment to the extent that it was not suspended, but a totally suspended sentence does not even count as a sentence of imprisonment under the application note. So you're saying Williams is wrong? You're saying Williams is wrong? Yes, of course. Oh, okay. That's what we're trying to find. I'm sorry. We're controlled by it, but it's wrong. You are controlled by it, but, yes, it is wrong. Okay. And Judge Gould was on both panels, so we're getting at it. So what do we do? Well, Your Honor, the only thing that can be done is to recommend an en banc review. I know our office has asked for that. I was as surprised as anybody to be called in here to argue on this case, but I'm prepared. An en banc review of what? Pardon? An en banc review of Williams. Of Williams. This case? Yes. You want to go en banc in this case for us to overrule Williams? That's correct. I assume that's in your game plan after whatever happens here. That would be nice. I was not the original appellate attorney. I was assigned to this case about two weeks ago. But I have been making the Williams argument in any case that comes up, just generally saying Williams was wrongly decided and we need to go through. And I'd be happy to point out to the court why Williams doesn't go far enough and even point out why I think Hernandez didn't go far enough in analyzing the misdemeanor convictions. All right. Okay. Under Williams, the court basically said that the six-month suspended sentence was totally suspended and that the totally suspended sentence constituted a prior sentence and was counted under 1.1. Now, that is true. But what Williams didn't do was go through 1.2 and specifically 1.23. Under 1.2c1, if a driving license suspended sentence has a term of imprisonment less than 30 days, it is excluded. So the real question is what does the term of imprisonment mean? Under 1.2c1a, sentence, it says specifically the sentence was a term of probation of at least one year or a term of imprisonment of at least 30 days. So the general term sentence is broken down into two subparts, term of imprisonment and term of probation. And in Hernandez, what this Court did was went up to B, 1.2b, and said that sentence of imprisonment was pretty much the same as a term of imprisonment, and again, said that if a sentence is partially suspended, we only count the non-suspended part. And in that case, because it was a 90-day sentence with 87 suspended, it was only a 3-day term of sentence, which is less than 30 days, hence it's excluded under 1.2c1a. But again, Hernandez said this is distinguishable from Williams because it's a partially suspended sentence as opposed to a totally suspended sentence, which would be apparently entirely included. But that's sort of dictum. They were distinguishing why they were able to arrive. If there were results, Hernandez, and they weren't foreclosed by Williams. Exactly, Your Honor. But what Hernandez doesn't do is consider, again, the application note, which seems to say as to a sentence of imprisonment, if it's totally suspended, in other words, the defendant doesn't serve a period of imprisonment, then it doesn't even count as a sentence of imprisonment. So the sentence of imprisonment is 358, I'm sorry, 358 application note 2, under 1.2, where it talks about a sentence of imprisonment. With that type of analysis, and the other problem with Hernandez, what Hernandez said is that the 3-day sentence does not constitute a prior sentence. Well, prior sentence is a term of art, and term or sentence of imprisonment is a separate term of art. So for Hernandez to say that a 3-day sentence does not constitute a prior sentence is really inaccurate, because under 1.1 and 1.2a, all misdemeanor sentences constitute prior sentences. It's just that some of these prior sentences are then excluded under 1.2c. It's not counted for certain reasons. Exactly. So we can see that everything comes in under as a prior sentence. The question is whether really it's a term of sentence or a sentence of imprisonment. So it would have been more accurate if Hernandez had said the 3-day sentence was actually a term of imprisonment less than 30 days and therefore excluded. Under the analysis, if you use application note number 2, the way it comes out is that all sentences are prior sentences, partially suspended sentences constitute a sentence of imprisonment to the extent that they are not suspended. But a totally suspended sentence does not constitute a term of imprisonment, even though it constitutes a prior sentence. Follow? Yes. Actually, so in your case, if we were to follow that reasoning, what would we do with the prior criminal history with Mr. Gonzales? I'm sorry, could you clarify? How would you apply your argument to your own case? Well, in our case, like I said, he had four DWLS, and two of them had suspended sentences and were therefore not counted by the judge. Two of them had totally suspended sentences and were counted under Williams. In my analysis, those totally suspended sentences under the application note would not constitute a sentence of imprisonment. And applying C1a then, if you go through it, a DWLS with a totally suspended sentence would constitute a prior sentence. However, it would have a term of imprisonment less than 30 days, because basically it wouldn't have a term of imprisonment at all, and therefore be excluded under C1a. And the other two misdemeanor convictions? Would also be excluded because their term of imprisonment was also less than 30 days. I think it was three days in those cases. And were they partially suspended? Yes. All right. And then out of time. Yes. All right. Thank you. Thank you, counsel. Good afternoon, your honors. My name is Earl Hicks, and I'm here on behalf of the government. I had a chance to go back over the Hernandez-Hernandez decision. And what Hernandez-Hernandez does is clearly sets forward that Williams is a totally suspended sentence, that you count that for one point. Even if she had had the good fortune of having served a day in jail instead of escaping the slammer altogether, it wouldn't have been counted. That's correct, your honor. Is there any logic to that? Do you think that's what the Sentencing Commission had in mind? Your honor, I think that the Sentencing Commission had in mind that you exclude certain ones and not. Not all of the law is logical, although when I. That's pretty far out. You know, your honor, it is something that when I looked at this and I had the same reaction, exactly the same reaction, which is why should a defendant who has, who's actually served time. 29 days. Not hit a point. And one who hasn't served time gets one. And, but when you look at the law and you look at the interpretation of that. What's wrong with the analysis that counsel just went through? Should be excluded altogether. Well, I think that one of the things that's wrong with it is that you go to the plain meaning of the statute, excuse me, to the guideline, and the guideline lays it out. Would it be easier just for the government to join in a petition for in bank and clean this up? It just seems strange to me when I sat as a district court judge that someone I thought shouldn't go to jail at all is going to be penalized more than someone I thought should get a split sentence. It just strikes me as a very strange thing. And maybe the court should re-look at Williams. I don't know if you can assert the government's position, but. Or re-look at the whole issue. The position that I'm taking on behalf of the government, of course, is that this circuit has looked at it on two occasions. And on both occasions, and we're talking about the Williams case. Williams and Hernandez-Hernandez. But Hernandez-Hernandez didn't look at Williams and had to accept Williams. The only way that Williams could be looked at would be by an in-bank court. Well, what happened with Williams is that they made a distinction. And that distinction was, is what's in the sentencing guidelines. So the distinction that they made is one that they did by looking at the guidelines. It just strikes me that the strong argument made that Williams was wrongly decided. And the question is, as a matter of the interest of justice, should we continue to chip away, making distinctions which are strange of Williams, or should we just face it and not suffer the next ten years of these kinds of cases? I'm not proposing anything or suggesting how I feel on it. And I assume you're not in a position to represent the government one way or the other on that particular issue. No, Your Honor. In fact, that would be something that the Department of Justice back who gets involved in this type of issue would have to do. I could not represent to the Court that we would agree to a re-hearing. Well, then, if you're to that position, whether we agree particularly with the analysis that counsel has made as being somewhat circuitous, a way around to take care of this particular person, maybe that's what we're going to be doing. So maybe you could tell us why you think her analysis is incorrect. Again, I start off with the guidelines. And in looking at the guidelines, what they do is they start off by saying what points should do count, and then they go to specific exclusions. And what they do is they say that if you have a 30 days, a term of imprisonment of at least 30 days, that it counts. So we're looking at it that it's not excluded, rather. So then we go back and we look at 4A1.2A3, where it says a conviction for which the imposition or execution of a sentence was totally suspended or state shall be counted as a prior sentence under 4A1.1C. And so the imposition or execution of this sentence was totally suspended. And for some reason. It was a prior sentence, right? So that gets us down to C. So that gets. No, it takes us down to C. And C says all felony are counted except as follow sentences for the following da, da, da, by whatever name or known, only are counted only if the sentence was a term of probation of at least one year or a term of imprisonment for at least 30 days. So now we're dealing with that language. And she wasn't in prison for at least 30 days, right? There was no imprisonment. But there was an imposition of a term of the prison. It only gets us in. Isn't it true that A3, the conviction for which imposition or execution of a sentence was totally suspended shall be counted as a prior sentence under 4A1. So then it comes under 4A1, excuse me, 4A1C, that's the one down below, right? Sentences counted and excluded. That's where it's taking us, right? Yes. So are you saying that that ends the analysis at 3 or we go on down to C1 and look at the further qualifications? It says for certain kinds of offenses, driving without a license, sentences for those kinds of offenses are counted only if the sentence was a term of at least a year or a term of imprisonment of at least 30 days. So 3 seems to talk generally about any kind of crime, right? And then now under C, you have certain offenses which are listed, DWOL is one of those, and it says it has to have a term of imprisonment for at least 30 days. So why aren't we now looking to what the term of imprisonment is? What is that one? Indeed, the application notes in this part of that says it qualifies a sentence of imprisonment. The defendant must have actually served a period of imprisonment on such sentence. So why isn't just the plain, just walking through the guidelines get us to the error that Williams committed? Well, where am I wrong in my reading? Tell me what's the flaw in the reading? Williams, we're writing on a blank slate. You get a permission to come in and be arguing a whole brand-new case on this from the SGA. So what's your argument? Now you're trying to – let's present you're trying to reinstate Williams as the correct result. So please tell me why it's wrong to go down into subsection C. Well, we have to also apply the application notes, right? Yes. We must, according to how you're supposed to apply the guidelines. Correct. And did Williams apply the application notes? Williams applied the case, you know, looked at the law and whether they applied the application notes. I don't recall specifically. Well, I'm just trying to get – I'm giving you a clean slate. You can have Williams or you can have non-Williams. I'm just trying to find out specifically where I'm off the rails if I try to go into subsection C and read it as putting a qualifier on a kind of offense that requires going into the actual term of imprisonment. Well, what I was doing, I was stopping, as I indicated to the Court, at 4A1.23, because if we look at the plain meaning of that, we're talking about a conviction for which the imposition or execution of the sentence was totally suspended. So to me, if there's a problem – To what? What does the rest of the sentence say? Well, it says this prior sentence shall be counted as a prior sentence under 4A1.1C. Yes. So now why don't we go down to C? Why would we now not go down to C? C qualifies. It's a prior sentence under C, right? 4A1. – I'm sorry, Your Honor. I didn't mean to cut you off, Your Honor. Now we're in C, and C says sentences for all felony offenses are counted, sentences, blah, blah, blah, for certain misdemeanor and petty offenses are counted except, and now it provides an exception. So now it's in C, but C is now going to put a condition on what happens. Again, if we look at C, what they're saying is that you're adding one point for each prior sentence. Yes. And then if we go to the – Sentences for the following are, you know, by whatever name, are counted. Right, and then we go to Note 3, which says certain sentences for certain specified non-felony offenses are counted only if they meet certain requirements, and they send you back to 4A1.2C1. And so you go back there to 4A1.2C1, which again then gets us to the issue of whether they're talking about an actual sentence or whether they're talking about the issue of a fully suspended, totally suspended sentence. And again, what the government's done and what I think that I've had to do is I've had to look at the case law and say that's what Williams has done, and I know the court is trying to say let's come in with a clean slate, but there is some circularity to the circumstances. And I agree with the court, I think anybody would agree with the court, that it is a circumstance where the interpretation does get you that type of set of facts where somebody gets 29 days and they get – don't get a point and somebody gets no jail time does get a point because – Let me ask you a question, and I'm trying to decide for my own self whether Williams can be distinguished. Williams essentially appears to have ignored the 4A1.2B where it says a sentence of imprisonment means a sentence of incarceration, and then in 2B it talks about if that's why it's suspended, suspended, if it refers only to that portion, suspended. Williams doesn't mention that part at all. Could we – could we take the position, and you argue against this for me if you would because I don't know the answer. Could we take the position in writing the case before us that Williams is distinguishable because Williams appears to have ignored 4A1.2B and that in looking at that sentence in the case before us, it would arrive at an opposite position from Williams? Now, I understand we're doing a lot of very – that suggestion is a lot of tinkering with Williams, which I'm not a big fan of, but if we did choose to distinguish Williams, could we do it on – why couldn't we do it on that basis? Your Honor, I don't really have a response to that. I would say that, of course, the Court can look at all of these factors and say that I feel, you know, that there's a distinction. I think that the Court can do that, and if it's appropriate and if it's in the interest of justice and if that's the right thing to do. I don't blame you. It's a difficult one. Let me ask you one question. Do you agree with counsel that this needs to go back for an amyline review? This is pre-Booker sentencing, Your Honor, so. And I don't know whether the Court would have sentenced differently had the – Had he known. Had he known that the guidelines weren't mandatory. I don't think that that's apparent from my reading of the facts and the PSR and all of the other things, so. Okay. Thank you. Thank you, counsel. United States v. Gonzalez is submitted. We have previously submitted United States – or submitted on the briefs United States v. Hutchinson, and we will hear United States v. Nichols. Thank you, Your Honor. Good afternoon. My name is Philip Nino, and I represent Mr. Kevin Nichols on this appeal.
judges: Wallace, Wardlaw, Fisher